HARRIS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No.: 14-20004 STA |
| ) | |
| vs. ) | 29 U.S.C. § 501(c) |
| ) | |
| HENRY H. HULL, JR., ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT ONE

(EMBEZZLEMENT AND THEFT OF LABOR UNION ASSETS)

At all times relevant herein:

1.

Lodge 654 of the International Brotherhood of Teamsters – Brotherhood of Maintenance of Way Employees Division (hereinafter, "Lodge 654"), located in Southaven, Mississippi, was a "labor organization" for purposes of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") governing labor unions, and as that term is defined in Title 29, United States Code, Sections 402(3i) and (j).

2.

Lodge 654 represented the employees of Illinois Central Railroad, a railroad company engaged in business affecting interstate commerce.

3.

Between January 2009 and July 2010, the defendant, **HENRY H. HULL, JR.**, was an officer of Lodge 654 and an employee of Illinois Central Railroad.

4.

Pursuant to Section 501(a) of the LMRDA, "officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group."

5.

As an officer of Lodge 654, the defendant, **HENRY H. HULL, JR.**, occupied a position of trust in relation to Lodge 654 and its members as a group and was subject to the fiduciary duties set forth in Title 29, United States Code, Section 501(a) including: (1) to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder; (2) to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization; and (3) to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

6.

The Lodge's only source of income was its member dues, where were deposited into its checking account, account number XXXXXXX708, at Regions Bank in Memphis, Tennessee.

7.

Beginning on or about July 15, 2009 and continuing through and until on or about April 7, 2010, in the Western District of Tennessee, the defendant,

------------------------------- HENRY H. HULL, JR. -------------------------------

while he was an officer, to wit: Secretary-Treasurer, of Lodge 654 of the International Brotherhood of Teamsters – Brotherhood of Maintenance of Way Employees Division, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said organization in the approximate amount of $8,240.10; all in violation of Title 29, United States Code, Section 501(c).

A TRUE BILL:

_____
FOREPERSON

DATED: _____


_____
**EDWARD L. STANTON III**
**UNITED STATES ATTORNEY**